# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **ROBERT EARL JOHNSON, JR.,** | ) |
| Plaintiff, | ) |
| | ) No. 3:19-cv-00507 |
| v. | ) |
| | ) |
| **SEAN O'NEILL,** *et al.*, | ) JUDGE CAMPBELL |
| | ) MAGISTRATE JUDGE |
| Defendants. | ) FRENSLEY |

## MEMORANDUM

Robert Earl Johnson, Jr., an inmate of the Turney Center Industrial Complex in Only, Tennessee, filed this pro se action under 42 U.S.C. § 1983 against Sean O'Neill, Dan Hamm, William Cohen, Karl Dean, Wendy Rucker, and Jodie Bell. (Doc. No. 1).

The complaint is before the Court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A.

### I. PLRA Screening Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the

1

plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II. Section 1983 Standard

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

## III. Relevant Background

Plaintiff and his brother, Roderick Johnson, were both indicted by a Davidson County grand jury on one count of first-degree premeditated murder in connection with the killing of William Edwin Binkley on October 24, 1997. The two brothers were tried together before a jury in the Davidson County Criminal Court. On November 20, 1998, the jury found Roderick Johnson guilty of second degree murder, but found Plaintiff guilty of first-degree murder. After a sentencing hearing, the jury unanimously found the presence of an aggravating circumstance—that is, that "the murder was especially heinous, atrocious or cruel in that it involved torture or

serious physical abuse beyond that necessary to produce death," Tenn. Code Ann. § 39-13-204(i)(5)—as a result of which Plaintiff was sentenced to life in prison without the possibility of parole. On direct appeal, Plaintiff's judgment and sentence were affirmed by the Tennessee Court of Criminal Appeals on October 8, 2001. Plaintiff filed a petition for post-conviction relief in the trial court. Counsel was appointed, an evidentiary hearing was conducted, and the trial court denied relief on July 19, 2006. The Court of Criminal Appeals affirmed the denial of the petition for post-conviction relief on July 18, 2007. The Tennessee Supreme Court denied the application for further review by order entered December 16, 2007. *Robert E. Johnson, Jr. v. Tony Parker*, No. 3:08-cv-00806 (M.D. Tenn. filed 7/16/2008) (Trauger, J.) (Doc. No. 30).

Plaintiff filed a petition for writ of habeas corpus on July 16, 2008, asserting twenty-two separate claims for relief: the trial court erred in admitting the photographic line-up arrays at trial (Ground one); the evidence was insufficient to support the petitioner's conviction for first-degree murder (Ground one); the trial court erred in admitting the victim's hearsay statements (Ground two); the trial court erred when it allowed the victim's mother, Frances Hampton, to testify in violation of Rule 615 of the Tennessee Rules of Evidence (Ground three); the trial court erred by allowing the prosecutor to make improper and prejudicial remarks during closing argument (Ground four); the trial court erred in not instructing the jury regarding the minimum mandatory length of a sentence for life imprisonment (Ground five); the trial court's jury instructions were confusing and misleading (Ground five); law enforcement did not adequately investigate the case (Ground six); the state failed to prove the statutory aggravating circumstance beyond a reasonable doubt (Ground seven); the state improperly suppressed medical records (Ground seven); the state's introduction of testimony from William S. Greenup violated the Confrontation Clause (Ground seven); trial counsel was ineffective for failing to cross-examine witnesses properly (Ground

eight); trial counsel was ineffective for failing to file a motion to suppress the photographic line-up arrays (Ground eight); trial counsel was ineffective for failing to create reasonable doubt by presenting sufficient evidence to show that Baso Felder was the actual perpetrator of the murder (Ground eight); trial counsel was ineffective for failing to conduct an individual voir dire of the jurors (Ground eight); the petitioner's due-process right to a fair trial was violated by the presentation of the perjured testimony of his brother, Roderick Johnson (Ground nine); the petitioner's due-process right to a fair trial was violated by the state's suppression of the victim's toxicology and autopsy report, which showed that the victim used drugs (Ground ten); the petitioner's due-process right to a fair trial was violated by the prosecutor's improper remarks during closing argument (Ground ten); the petitioner's due process right to a fair trial was violated when the state, in its brief to the Tennessee Court of Criminal Appeals, presented an altered version of the prosecutor's closing argument (Ground eleven); the petitioner's due process right to a fair trial was violated by the photo line-up arrays because they did not contain a photo of Baso Felder (Ground twelve); and the petitioner was denied the opportunity to the trial court erred by illegally enhancing the petitioner's sentence by factors not decided by a jury in violation of *Cunningham v. California*, 549 U.S. 270 (2007) (Ground fourteen). (3:08-cv-00806, Doc. No. 30 at 2-3).

The Court found that Johnson's habeas petition did not present any meritorious claims and denied the petition. (*Id.*, Doc. No. 30 at 39). The Sixth Circuit Court of Appeals denied Johnson a Certificate of Appealability. (*Id.*, Doc. No. 41). The United States Supreme Court denied Johnson's petition for a writ of certiorari. (Id., Doc. No. 47).

### IV. Alleged Facts of the Complaint

The complaint alleges that Dan Hamm, Karl F. Dean, Jodie A. Bell, and Wendy Tucker allowed Plaintiff to be falsely arrested; allowed Plaintiff to be a witness against himself in a

4

criminal case; allowed Plaintiff to be deprived of life, liberty, or property without due process of law; denied him an opportunity to confront the witnesses against him; denied him the right to obtain witnesses in his favor; prevented him from having the assistance of counsel; and imprisoned him in violation of the Fourteenth Amendment. (Doc. No. 1 at 2). The complaint further alleges that Sean O'Neill and William Cohen suppressed relevant, material, and exculpatory evidence; denied Plaintiff the opportunity to confront the witnesses against him; and allowed Plaintiff to be imprisoned in violation of his due process and equal protection rights. (*Id*. at 3).

In addition, the complaint alleges that Plaintiff's due process right to a fair trial was violated by the photo line-up arrays because they did not contain a photo of Baso Felder by the presentation of the perjured testimony of his brother, Roderick Johnson. (*Id*. at 20). The complaint also raises Plaintiff's concerns about alleged improper conduct by the prosecution and defense attorneys and the judge during the trial. (*Id*. at 22-23). The complaint states that the "accumulative [sic] effects of all the constitutional violations that occurred during the plaintiff's trial warrants [sic] the plaintiff's conviction to be overturn [sic] and dismissed." (*Id*. at 24).

As relief, the complaint seeks a declaratory judgment against all Defendants, Plaintiff's immediate release from prison, the dismissal of Plaintiff's first-degree murder conviction and sentence of life without parole, the expungement of Plaintiff's conviction and sentence, compensatory and punitive damages, and reimbursement for Plaintiff's legal costs associated with this action. (*Id*. at 26-28).

## V. Analysis

### A. False Arrest Claims

The complaint does not clarify whether Plaintiff brings his false arrest claim under federal or state law. The Court presumes the claim to be brought under both. *Voticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) ("False arrest claims can be brought under either federal or state law."). The Fourth Amendment requires that a law enforcement official have probable cause for an arrest. U.S. Const. amend. IV. The probable cause necessary to justify an arrest is defined as "whether at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." *Radvansky v. City of Olmsted*, 496 F.3d 609, 614-15 (6th Cir.2007) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)). The probable cause determination is limited to the "totality of the circumstances" known to the officer at the time of arrest, including all facts known to the officer at the time. *Gardenhire v. Schubert*, 205 F.3d 303, 318 (6th Cir.2000).

"When a plaintiff is arrested pursuant to a warrant, the plaintiff must show "that in order to procure the warrant, [the officer] knowingly and deliberately, or with reckless disregard for the truth, made false statements or omissions that created a falsehood and such statements or omissions were material, or necessary, to the finding of probable cause." *Sykes v. Anderson*, 625 F.3d 294, 305 (6th Cir. 2010) (citations omitted)). A facially valid warrant is not always sufficient to merit dismissal of a false arrest claim brought pursuant to Section 1983 when evidence exists that a defendant intentionally misled or intentionally omitted information at a probable cause hearing for an arrest or search warrant if the misleading or omitted information is critical to the finding of probable cause. *See Mays v. City of Deyton*, 134 F.3d 809, 816 (6th Cir. 1998); *United States v.*

*Atkin*, 107 F.3d 1213, 1217 (6th Cir. 1997). In the context of a warrantless arrest, a police officer may be under some duty to make a reasonable investigation in determining whether adequate probable cause exists for an arrest. *See Gardenhire*, 205 F.3d 303, 328.

Here, although the complaint alleges that Dan Hamm, Karl F. Dean, Jodie A. Bell, and Wendy Tucker "allowed" Plaintiff to "remain" falsely arrested (Doc. No. 1 at 13), there are no allegations in the complaint describing Plaintiff's arrest or these individuals' roles in Plaintiff's arrest. Likewise, there are no allegations concerning these individuals' states of mind when arresting Plaintiff or contributing to Plaintiff's arrest.

The Court finds that, because the complaint does not allege with any particularity that there were untrue factual assertions in an arrest warrant affidavit sworn out by Hamm, Dean, Bell, or Tucker or that Hamm, Dean, Bell, or Tucker knowingly presented false testimony or evidence to a court that resulted in wrongful charges against Plaintiff, the complaint fails to state federal false arrest claims against these Defendants in their individual capacities. These claims will be dismissed.

**B. *Heck* Claims**

Next, the remainder of the allegations of the complaint concern Plaintiff's state court criminal trial, conviction, and sentence. The complaint specifically seeks a dismissal of Plaintiff's conviction and sentence and Plaintiff's immediate release from prison. (Doc. No. 1 at 26-28). The law is well established that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973)) (emphasis added). A Section 1983 claim challenging confinement must be dismissed even where a plaintiff seeks only injunctive or monetary relief.

*Heck*, 512 U.S. at 489-90 (claim for damages is not cognizable); *Preiser*, 411 U.S. at 488-90 (claim for injunctive relief is only cognizable under 28 U.S.C. § 2254). Additionally, a state prisoner does not state a cognizable claim under Section 1983 where a ruling on his claim would imply the invalidity of his conviction and/or confinement, unless and until the conviction has been favorably terminated, *i.e.*, reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck*, 512 U.S. at 486-87; *Ruff v. Runyon*, 258 F.3d 498, 502 (6th Cir. 2001). The United States Supreme Court extended *Heck* to bar Section 1983 actions that do not directly challenge confinement, but instead challenge the procedures that imply unlawful confinement. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Plaintiff's request to have his state conviction and sentence dismissed and for his immediate release from prison directly challenges his continued confinement. This request is barred by *Heck* and its progeny. Plaintiff's concerns regarding the constitutionality of his conviction, sentence, and continued confinement would be more appropriately brought in a separate petition for writ of habeas corpus, not in a civil rights complaint. Typically, the Court would dismiss these kinds of claims without prejudice, should Plaintiff wish to pursue them via the appropriate route. Here, however, Plaintiff already has raised many of the same allegations in a petition for writ of habeas corpus before this Court. In considering those claims, the Court found they were not meritorious and dismissed the petition. Plaintiff cannot try to obtain "another bite at the apple" by filing a Section 1983 action in which he makes essentially the same allegations as he made in his previous federal habeas action. Plaintiff's remaining claims, therefore, will be dismissed.

## C. State Claims

Finally, to the extent the complaint could be construed to allege state law claims of false arrest against any named Defendant, 28 U.S.C. § 1367(a) provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . .

*Id*. The district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it ha[d] original jurisdiction . . . ." *Id*. at § (c)(3).

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction to hear any state law claims set forth in the complaint. As such, any state law claims asserted in the complaint will be dismissed without prejudice, to be filed, if Plaintiff so chooses, in a Tennessee state court.

## VI. Conclusion

Having screened the complaint pursuant to the PRLA, the Court finds that Plaintiff's claims must be dismissed for failure to state claims upon which relief may be granted under Section 1983. 28 U.S.C. § 1915A. All claims and defendants, therefore, will be dismissed. 28 U.S.C. § 1915(e)(2). However, as to Plaintiff's state law claims, the Court declines to exercise supplemental jurisdiction and will dismiss those claims without prejudice, should Plaintiff wish to pursue them in state court.

An appropriate Order will be entered.

_____
WILLIAM L. CAMPBELL, JR
UNITED STATES DISTRICT JUDGE