IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ROBERT EARL JOHNSON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:19-cv-00507 |
| v. | ) | |
| | ) | |
| SEAN O'NEILL, *et al.*, | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE |
| Defendants. | ) | FRENSLEY |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's pro se "Motion to Alter or Amend a Judgment or Make Additional Facts re Entry of Judgment" (Doc. No. 12) and Motion for In Camera Review (Doc. No. 14).

By Order and accompanying Memorandum entered on August 12, 2019, the Court determined that the complaint failed to state claims upon which relief can be granted under 42 U.S.C. § 1983 and dismissed those claims with prejudice. (Doc. No. 10 and 11). The Court dismissed Plaintiff's state law claims without prejudice. (*Id*.) Judgment was entered on the same date. (Doc. No. 11).

### I. Motion to Alter or Amend Judgment or to Make Additional Findings

Rule 59 provides that the court may grant a motion to alter or amend a judgment if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. Fed. R. Civ. P. 59(e); *see GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999). A motion to alter or amend judgment under Rule 59(e) must be filed no later than 28 days after the entry of the judgment. Fed. R. Civ. P. 59(e). Therefore, Plaintiff's motion was timely filed.

Plaintiff contends that, in its Order and accompanying Memorandum of August 12, 2019, the Court failed to address claims in his complaint brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The pro se complaint does not clearly identify which claims Plaintiff intended to be considered pursuant to 42 U.S.C. § 1983 and which claims Plaintiff intended to be considered under *Bivens*. As such, it appears that the Court inadvertently failed to address any *Bivens* claims brought by Plaintiff and, as such, **GRANTS** his motion to amend the judgment (Doc. No. 12) solely for the purpose of considering these claims.

In *Bivens*, the United States Supreme Court created a private right of action for damages against officials acting under color of federal law when they are alleged to have violated a citizen's constitutional rights. 403 U.S. at 389. "Such claims are the counterpart to suits under 42 U.S.C. § 1983 against state officials who infringe plaintiffs' federal constitutional or statutory rights." *Vector Research, Inc. v. Howard & Howard Attorneys, P.C.*, 76 F.3d 692, 698 (1996). As best the Court can discern, Plaintiff asserts *Bivens* claims against Chief of Administrative Appeals Sean O'Neill, Professor of Law William Cohen, Public Defender and former Mayor Karl Dean, Public Defender Wendy Tucker, and Public Defender Jodie Bell. Each defendant is sued in his or her individual capacity only. (Doc. No. 1 at 2-3, 12).

The relevant background and alleged facts are set forth in the Court's prior Memorandum. (Doc. No. 9 at 2-5).

First, Plaintiff complains about the conduct of O'Neill and Cohen related to William S. Greenup's November 25, 1997 sentencing hearing. (Doc. No. 1 at 14, 26-27). Specifically, the complaint alleges that O'Neill and Cohen "with[held] relevant, material, exculpatory evidence which is contained in the sealed documents (housing records, state and federal charges, presentence reports, and transcript of sidebar conference)." (*Id*. at 26-27). Cohen and, to the extent

that O'Neill was acting in a prosecutorial role during the criminal proceeding at issue,[1] are entitled to absolute immunity from suit when acting within the scope of their prosecutorial duties. Absolute prosecutorial immunity extends to those activities that occur in the prosecutor's role as an advocate for the government in all judicial proceedings. *Yaselli v. Goff*, 275 U.S. 503 (1927) (affirming Second Circuit extending absolute immunity to federal prosecutors); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutor protected by absolute immunity against civil damages for activities "intimately associated with the judicial phase of the criminal process"); *Harris v. Bornhorst*, 513 F.3d 503, 509–10 (6th Cir. 2008). Thus, because the allegations against Cohen and O'Neill arise from actions taken during their traditional roles in the judicial process, they are entitled to absolute immunity for the challenged actions. *Imbler*, 424 U.S. at 409.[2] The *Bivens* claims against these Defendants, therefore, fail as a matter of law.

Next, to the extent that the complaint asserts *Bivens* claims against Dean, Bell, and Tucker, the complaint identifies these attorneys as public defenders. (Doc. No. 1 at 3, 17-18). Courts have uniformly held an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law. *See Pagani–Gallego v. Escobedo*, No. 97-1640, 1998 WL 381562, at *1 (6th Cir. June 23, 1998) ("[A]n attorney appointed to represent a criminal defendant pursuant to a federal statute is not a federal official for purposes of a *Bivens* action"). A court-appointed attorney, like any retained counsel, serves his or her client—not the court or government. *See West*

---

[1] The complaint identifies O'Neill as "Chief, Administrative Appeals" of the "U.S. Department of Justice of Information Policy" (Doc. No. 1 at 2) but does clearly state whether O'Neill was acting as an attorney during the criminal proceedings at issue. For purposes of screening Plaintiff's *Bivens* claims, the Court assumes that complaint alleges that O'Neill was acting in an attorney or advocate role during Greenup's 1997 sentencing hearing. (*Id*. at 14).

[2] Nevertheless, even if Plaintiff could somehow prove the prosecutors were not entitled to absolute immunity, he still could not proceed with his *Bivens* claims against Cohen and O'Neill at this time because *Heck* prevents Plaintiff from bringing this *Bivens* action until his underlying criminal conviction was been reversed, vacated, or otherwise invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

*v. Atkins*, 487 U.S. 42, 50 (1988) (quoting *Polk County v. Dodson*, 454 U.S. 312, 322 n.13 (1981)) ("A criminal lawyer's professional and ethical obligations require him [or her] to act in a role independent of and in opposition to the State[ ] ... and when representing an indigent defendant in a state criminal proceeding ... the public defender does not act under color of state law for purposes of § 1983 because 'he [or she] is not acting on behalf of the State; he [or she] is the State's adversary.'").

In sum, because an attorney, even if he or she has been appointed by the federal district or appellate court, does not act under color of federal law for purposes of *Bivens*, attorneys Dean, Tucker, and Bell are not proper defendants under *Bivens* for actions they took during their representation of Plaintiff during his criminal proceedings. Thus, the *Bivens* claims against these Defendants, too, fail as a matter of law.

Finally, the complaint seeks equitable relief in the form of Plaintiff's immediate release from prison, the dismissal of Plaintiff's first-degree murder conviction and sentence of life without parole, and the expungement of Plaintiff's conviction and sentence. (Doc. No. 1 at 26-28). There is no indication that the *Bivens* Court intended to create a claim to provide these remedies, and the relief requested is not of the nature that can be provided by any named Defendant under *Bivens*. 403 U.S. at 389 (holding that a *Bivens* claim is a "cause of action for *damages* consequent upon his unconstitutional conduct.") (emphasis added).

Although the complaint also seeks money damages from the remaining Defendants in their individual capacities under *Bivens*, all of Plaintiff's Bivens claims arise out of and are based on the facts and circumstances involved in his criminal conviction and sentencing proceedings. The United States Supreme Court has held that a Section 1983 plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by

a state tribunal authorized to make such determinations or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). The holding in *Heck* has been applied to *Bivens* claims by the United States Court of Appeals for the Sixth Circuit. *Robinson v. Jones*, 142 F.3d 905, 907 (6th Cir. 1998); *Lanier v. Bryant*, 332 F.3d 999, 1005-06 (6th Cir. 2003).

In other words, in order for Plaintiff to maintain his *Bivens* action for an unconstitutional conviction and imprisonment, or for harm caused by Defendants' actions whose alleged unlawfulness would render Plaintiff's judgment of conviction or sentence of imprisonment invalid, Plaintiff must plead and prove his judgment of conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a court authorized to make such a determination, or called into question by a court's issuance of a writ of habeas corpus. The complaint does not allege that Plaintiff's conviction has been reversed on direct appeal, expunged, declared invalid, or called into question by the issuance of a writ of habeas corpus. Indeed, Plaintiff's judgment of conviction has been affirmed on direct appeal, and the Court denied his Section 2254 petition.

Plaintiff's requests to have his conviction and sentence dismissed and for his immediate release from prison directly challenge his continued confinement. These requests are barred by *Heck* and its progeny, whether couched as a Section 1983 claim or a *Bivens* claim. As the Court noted in its previous Memorandum, Plaintiff's concerns regarding the constitutionality of his conviction, sentence, and continued confinement would be more appropriately brought in a separate petition for writ of habeas corpus, not in a civil rights complaint. Plaintiff likely attempts to pursue these claims in the instant civil rights action because he already has pursued them in a prior federal habeas action in which the Court determined that the claims were not meritorious.

5

Plaintiff cannot try to obtain "another bite at the apple" by filing Section 1983 or *Bivens* claims in which he makes many of the same allegations as he made in his previous federal habeas action. Plaintiff's *Bivens* claims, therefore, fail as a matter of law.

## II. Motion for In Camera Review

Plaintiff also has filed a Motion for In Camera Review of sealed documents consisting of "housing records, state and federal charges, presentence reports, and transcript of sidebar conference" of William S. Greenup's November 25, 1997 sentencing hearing. (Doc. No. 14 at 1). Plaintiff states that his motion is "necessary" to his "defense" and "in response to" his appeal "from the action of the Federal Bureau of Prisons (BOP) on [his] Freedom of Information Act request for access to records concerning William S. Greenup. Re: Appeal no. DOJ-AP-2019-002141 Request No. 2019-0096. CDT: EAH BOP'S withholding of non-public information under Exemptions (b)(6) and (b)(7)(c)." (*Id*. at 2). Elaborating, Plaintiff contends that his motion "is brought because he plaintiff knows no other way to obtain the requested exculpatory information which is crucial to the plaintiff's defense of having this premeditated first degree murder conviction, life without parole sentence[,] reversed or dismissed." (*Id*. at 3).

First, Plaintiff already has been convicted and sentenced for his crimes, and the state courts have denied his post-judgment petitions. There are no pending state or federal charges against Plaintiff of which the Court is aware; therefore, an in camera review of the requested documents is not necessary to Plaintiff's defense. Further, the Court already has denied Plaintiff's petition for writ of habeas corpus in which he sought to "hav[e] this premeditated first degree murder conviction, life without parole sentence[,] reversed or dismissed." (*Id*.) Before a second or successive petition for a writ of habeas corpus may be adjudicated in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court

to consider the petition. 28 U.S.C. § 2244(b)(3)(A). To secure authorization, a petitioner must make a prima facie showing that (1) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and (2) "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." 28 U.S.C. § 2244(b)(2)(B). In this context, "prima facie" means "sufficient allegations of fact together with some documentation that would 'warrant a fuller exploration in the district court.'" *In re Lott*, 355 F.3d 431, 433 (6th Cir. 2004) (quoting *Bennett v. United States*, 199 F.3d 468, 469 (7th Cir. 1997)). Plaintiff cannot avoid the bar against second or successive habeas petitions by attempting to make the same claims in this case by way of a motion for an in camera review.

Second, it appears that, through his motion for an in camera review, Plaintiff may be attempting to file a complaint against the Federal Bureau of Prisons appealing the denial of certain requests he made under the Freedom of Information Act, (FOIA), 5 U.S.C. § 551, *et seq*. Under FOIA, federal government agencies are required to make certain classes of information available to the public upon request. *See* 5 U.S.C. § 552(a). To enforce FOIA provisions, courts may "enjoin the agency from withholding agency records and ... order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Thus, "[u]nder 5 U.S.C. § 552(a)(4)(B)[,] federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989).

Should Plaintiff wish to pursue a FOIA action, he must file a new, separate lawsuit. There are no defendants left in this case and, in any event, Plaintiff did not name a proper party to a FOIA action as a defendant. The FOIA authorizes suit only against federal agencies and does not create a cause of action against agency employees. *See, e.g., Sherwood Van Lines, Inc. v. United States Dep't of the Navy*, 732 F. Supp. 240, 241 (D.D.C. 1990).

### IV. Conclusion

The Court's Order and Memorandum of August 12, 2019, is **ALTERED AND AMENDED ONLY** for the purposing of reviewing Plaintiff's *Bivens* claims. As discussed herein, those claims fail as matter of law and therefore are **DISMISSED WITH PREJUDICE**.

Plaintiff's motion for an in camera review (Doc. No. 14) is **DENIED**.

This is the final Order denying all relief in this claim. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR
UNITED STATES DISTRICT JUDGE